**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 24-CV-60017-WPD

RUDOLPH BETANCOURT,
    PLAINTIFF.
V.

HAMILL AND HAMILL PARTNERSHIP
AND HAMILL'S HOME AND AUTO
SUPPLY, INC. D/B/A HAMILL TIRE
AND AUTO SERVICE A/K/A HAMILLS
FIRESTONE STORE, INC.
    DEFENDANTS.
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants, HAMILL AND HAMILL PARTNERSHIP and HAMILL'S HOME AND AUTO SUPPLY, INC. d/b/a HAMILL TIRE AND AUTO SERVICE a/k/a HAMILLS FIRESTONE STORE, INC. ("Fire Stone") (collectively, the "Defendants"), by and through undersigned counsel, hereby files their Answer and Affirmative Defenses to the Complaint filed by Plaintiff, RUDOLPH BETANCOURT ("Betancourt" or "Plaintiff"), and in support thereof state as follows:

### JURISDICTION & VENUE

    1.    Admitted for jurisdictional purposes only.

    2.    Admitted for jurisdictional purposes only.

    3.    Admitted for venue purposes only.

### PARTIES

    4.    Defendants are without knowledge of the allegations of Paragraph 4 and therefore deny same.

5. Defendants are without knowledge of the allegations of Paragraph 5 and therefore deny same.

6. Defendants are without knowledge of the allegations of Paragraph 6 and therefore deny same.

7. Admitted for jurisdictional purposes only.

8. Hamill and Hamill Partnership states that the Broward Property Appraiser's Office records speak for themselves but admits that it is the owner of the Subject Premises.

9. Admitted for jurisdictional purposes only.

10. Fire Stone states that the Broward Tax Collector's Office records speak for themselves but admits the allegations in Paragraph 10 for jurisdictional purposes only.

11. Defendants state that the ADA speaks for itself and deny any alleged violations.

## FACTUAL ALLEGATIONS AND CLAIM

12. Defendants are without knowledge of the allegations of Paragraph 12 and therefore deny same.

13. Defendants are without knowledge as to the allegations set forth in Paragraph 13 and therefore deny same as well as any alleged violations.

14. Defendants deny any alleged violations in Paragraph 14.

15. Defendants deny any alleged violations in Paragraph 15.

16. Defendants state that the ADA speaks for itself in Paragraph 16 and deny any alleged violations.

17. Defendants deny the alleged violations and allegations in Paragraph 17 including subparts.

18. Defendants deny any alleged violations in Paragraph 18.

19. Defendants state that the ADA speaks for itself in Paragraph 19 and deny any alleged violations

20. Defendants state that the ADA speaks for itself in Paragraph 20 and deny any alleged violations.

21. Defendant deny any alleged violations in Paragraph 21.

22. Defendants are without knowledge of the allegations in Paragraph 22 as they relate to the Plaintiff's return to the Subject Premises and therefore deny same as well as all other allegations and alleged violations in Paragraph 22.

23. Defendants are without knowledge of the allegations in Paragraph 23 as they relate to the Plaintiff's advocacy and deterrence and therefore deny same as well as all other allegations in Paragraph 23.

24. Defendants deny any alleged violations in Paragraph 24.

25. Defendants deny any alleged violations in Paragraph 25.

26. Defendants deny the allegations and alleged violations in Paragraph 26.

27. Defendants deny the alleged violations and allegations in Paragraph 27.

28. Defendants state that the ADA speaks for itself but deny that Plaintiff is entitled to relief in Paragraph 28.

29. Defendants state that the ADA speaks for itself but deny that Plaintiff is entitled to relief in Paragraph 29.

The WHEREFORE clause following the Factual Allegations And Claim does not call for a response. To the extent one is required, Defendant denies that Plaintiff is entitled to the relief requested therein.

## **AFFIRMATIVE DEFENSES**

#2743432v1-999857.0002

### First Affirmative Defense

For their First Affirmative Defense, Defendants states that Plaintiff lacks standing to assert this action in that it is unclear if Plaintiff has or ever intends to avail himself of any of the goods or services at the Subject Premises.

### Second Affirmative Defense

For their Second Affirmative Defense, Defendants state that Plaintiff's claim is barred, in whole or in part, because the proposed modifications would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, and/or accommodations provided.

### Third Affirmative Defense

For their Third Affirmative Defense, Defendants state that Plaintiff's claim is barred, in whole or in part, because the proposed modifications are not readily achievable and would constitute unreasonable costs and undue and excessive burden on Defendants.

### Fourth Affirmative Defense

For their Fourth Affirmative Defense, Defendants state that Plaintiff's claims are moot as the Subject Premises is already partially or fully in compliance with the ADA in light of what is readily achievable or technically feasible.

### Fifth Affirmative Defense

For their Fifth Affirmative Defense, Defendants state that Plaintiff's claim is barred, in whole or in part, because the proposed modifications are structurally impracticable.

### Sixth Affirmative Defense

For their Sixth Affirmative Defense, Defendants state that Plaintiff's claim is barred, in whole or in part, because the proposed modifications are technically infeasible.

### Seventh Affirmative Defense

For their Seventh Affirmative Defense, Defendants state that Plaintiff is applying the incorrect statutory standard.

### Ninth Affirmative Defense

Some of the modifications demanded by Plaintiff are subject to and limited by applicable local, state, or other laws, and, as such, may not be able to be performed, assuming arguendo that such modifications would otherwise be required.

### Reservation to Amend

Defendants reserve the right to amend this Answer and to add any additional defenses or counterclaims which may become known during the course of discovery or the litigation of this action.

### ATTORNEYS FEES

Defendants have retained the law firm of Tripp Scott, P.A. and have agreed to pay a reasonable fee for its services.  Pursuant to 28 U.S.C. § 1927 and 42 U.S.C.  § 12205, Defendants are entitled to recover attorney's fees and costs incurred in this action in the event it is deemed the prevailing party in this action, or otherwise demonstrate entitlement to fees under said statutes.

WHEREFORE, Defendants, HAMILL AND HAMILL PARTNERSHIP and HAMILL'S HOME AND AUTO SUPPLY, INC. d/b/a HAMILL TIRE AND AUTO SERVICE a/k/a HAMILLS FIRESTONE STORE, INC., request judgment in their favor and against Plaintiff, including all attorney's fees and costs incurred in defending this action, and any other relief this Court deems proper.  Defendants demand a trial by jury on all issues raised in the pleadings which are triable by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

        **TRIPP SCOTT, P.A.**
*Counsel for Defendants*
110 Southeast 6th Street, 15th Floor
Fort Lauderdale, Florida 33301
Telephone: (954) 525-7500
Facsimile: (954) 761-8475

By: *Stephanie C. Mazzola*
      Stephanie C. Mazzola, Esq.
      Florida Bar No. 0077661
      scm@trippscott.com
      sgc@trippscott.com
      Eservice@trippscott.com
      Brittany L. Hynes, Esq.
      Florida Bar No. 1018589
      blh@trippscott.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 5th day of February, 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic filing.

By: */s/ Brittany L. Hynes*
Brittany L. Hynes, Esq.
Fla. Bar No. 1018589

**Service List**
**CASE NO. 24-CV-60017-WPD**

| **COUNSEL FOR PLAINTIFF** | **COUNSEL FOR DEFENDANTS** |
|---|---|
| Glenn R. Goldstein, Esq.<br>Glenn R. Goldstein & Associates, PLLC<br>8101 Biscayne Blvd., Suite #504<br>Miami, FL  33138<br>(561) 573-2106<br>GGoldstine@G2Legal.net<br><br>Lauren N. Wassenberg, Esq.<br>Lauren N. Wassenberg & Associates, P.A.<br>33 SE 4th Street, Suite #100<br>Boca Raton, FL 33432<br>(561) 800-0405<br>WassenbergL@gmail.com | Stephanie C. Mazzola, Esq.<br>Brittany L. Hynes, Esq.<br>Tripp Scott, P.A.<br>110 SE 6th Street, 15th Floor<br>Fort Lauderdale, FL 33301<br>954-525-7500<br>scm@trippscott.com<br>blh@trippscott.com<br>scg@trippscott.com<br>cab@trippscott.com<br>eservice@trippscott.com |